UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JUBILEE FARMS and | ) | CASE NO.  18-30080-grs |
| QUICKERT FARMS, LLC | ) | ADMINISTRATIVELY CONSOLIDATED |
| | ) | CHAPTER: 12 |
| DEBTOR | ) | |
| _____ | ) | |

## **AFFIDAVIT OF MICHAEL BUCKMAN**

Michael Buckman, being first duly sworn upon his oath deposes and says:

1.      I am over eighteen years of age and otherwise competent to be a witness in this case.

2.      I am a Special Accounts Loan Officer of Farm Credit Mid-America, FLCA, and of Farm Credit Services of Mid-America, PCA (collectively "Farm Credit") and I am authorized to make this affidavit for and on behalf of Farm Credit.

3.      I am one of the persons who have custody and control of Farm Credit's business records concerning Jubilee Farms and Quickert Farms, LLC (sometimes collectively referred to herein as the "Debtors"). These records were made at or near the time of the event recorded by a person with knowledge of the event and charged with the responsibility for recording such events. These records are kept in the ordinary course of Farm Credit's regularly conducted activity, which is Farm Credit's customary practice.  I have reviewed Farm Credit's files on the accounts described herein, which leads me to the facts which are set forth below.  All facts set forth herein are either (a) facts which I have personal knowledge or (b) an accurate summary of Farm Credit's business records as set forth above.

4.      I am the loan officer in charge of the Debtors' outstanding obligations owing to Farm Credit. For over a year now, I have been involved with the thirteen (13) loans extended by

Farm Credit to Jubilee Farms and Quickert Farms, LLC which were open and unpaid at the start

of the 2017 calendar year.  Furthermore, in January and February, 2018, I met with the principals

of the Debtors, Jerry Quickert and Bobby Quickert to discuss their outstanding obligations to

Farm Credit.  I am familiar with the nine (9) loans open and unpaid as of February 28, 2018 (the

"Petition Date") as well as the Debtors' farming operations.

5.      Since the Petition Date, the follow amounts of post-petition interest have accrued

to October 31, 2018 using the interest rates set forth in the applicable loan documents for each of

the following loans:

      a.   Loan No. 3800 - $50,110.07

      b.   Loan No. 2500 - $2,367.50

      c.   Loan No. 7400 - $253.96

      d.   Loan No. 9300 - $1,220.88

      e.   Loan No. 5800 - $976.75

      f.   Loan No. 2200 - $31,492.97

      g.   Loan No. 0300 - $7,822.80

      h.   Loan No. 0800 - $28,192.24

      i.   Loan No. 5500 - $7,095.45

6.      The total amount of post-petition interest is $129,532.62 as of October 31, 2018.

Interest continues to accrue at the contract rates for each of the Farm Credit Loans.

7.      Through the fall of 2017, I had requested several times that the Debtors provide

information concerning their 2017 crop production and sale proceeds.  Finally, after the Debtors

completed the harvest of their 2017 crops, I met with the principals of the Debtors on January 4,

2018 to inquire as to the total crop proceeds.  Jerry Quickert and Bobby Joe Quickert provided

me with a printout for each of Jubilee Farms and Quickert Farms, LLC labeled "Crop 2017 Income." True and correct copies of the printouts for Jubilee Farms and Quickert Farms, LLC are marked as Exhibits "B" and "C" to the Joint Stipulations of Fact.

8. It was represented to me that the printouts (Exhibits B and C to the Joint Stipulations) reported income from the Debtors' 2017 soybean crops. According to the printout attached as Exhibit B, Jubilee Farms received $37,425.57 from the sale of soybeans harvested in 2017, crop insurance proceeds in the amount of $57,760.00, and payments from the USDA (for 2016) in the amount of $3,887.00.

9. Further, according to the printout attached as Exhibit B, Jubilee Farms harvested 4,334 bushels of soybeans during 2017 on 381 acres for an average yield of 11.4 bushels per acre.

10. According to the printout attached as Exhibit C, Quickert Farms, LLC expected to receive $342,011.70 from the sale of soybeans harvested in 2017, gross crop insurance proceeds in the amount $129,646.00 (before payment of premiums) and payments from the USDA (for 2016) in the amount $16,662.00.

11. Further, according to the printout attached as Exhibit C, Quickert Farms, LLC harvested 36,306.33 bushels of soybeans during 2017 on 1395 acres for an average yield of 26 bushels per acre.

12. Farm Credit received a total of $277,130.25 from the Debtors' 2017 soybean crops from the following sources:

    a. $65,465.19 from crop insurance payable to Quickert Farms, LLC

    b. $104,401.83 from sales of Quickert Farms, LLC soybeans

    c. $43,853.35 from crop insurance payable to Jubilee Farms, LLC

    d.   $37,425.57 from sales of Jubilee Farms soybeans

    e.   $25,984.31 from sales of Jerry Quickert d/b/a Quickert Farms soybeans.

13.     In addition to the foregoing, Farm Credit received proceeds from the sale of a parcel of real property pledged as additional collateral in the net amount of $49,374.01 on August 29, 2017, and proceeds from a life insurance policy (also pledged as additional collateral) in the amount of $34,514.00, less the sum of $11,615.04 paid to Bobby Quickert for payment of 2016 crop insurance premiums.  The remaining proceeds from the life insurance policy and the net proceeds from the sale of real estate in 2017 were used (together with a portion of the soybean income) to pay off four (4) of the thirteen (13) accounts then open with Farm Credit, with the remainder applied to delinquent accounts.

14.     The printout given to me by the Debtors on January 4, 2018 labeled "Crop 2017 Income" for Jubilee Farms (Exhibit B to the Joint Stipulations) correctly reported the actual income received by Jubilee Farms for the Debtor's 2017 crops.  The printout given to me by the Debtors on January 4, 2018 labeled "Crop 2017 Income" for Quickert Farms, LLC (Exhibit C to the Joint Stipulations) correctly reported the actual gross crop insurance for Quickert Farms, LLC.

15.     However, the Debtors have never accounted for the $237,609.87 difference in the crop sale figures provided in Exhibit C to the Joint Stipulations and the amount of checks from the sale of soybeans and crop insurance received by Quickert Farms, LLC from its 2017 crop.

16.     As of March 31, 2019, there will be due and owing on Loan No. 2500: $62,585.39, Loan No. 7400: $8,059.37, Loan No. 9300: $33,539.83, Loan No. 5800: $18,413.28, and Loan No. 2200: $709,896.93.  The total amount which will be due an owing on all five of these loans will be $832,494.80.

17.     The Debtors will need to pay a total of $780,914.27 on March 1, 2025 if Loan No. 3800 is restructured such that it is repaid with 7.2% interest on a 15 year amortization, effective as of March 1, 2019, becoming fully due and payable on March 1, 2025.  This assumes all payments are timely made, and all accrued interest to March 1, 2019 is paid prior to the restructure.

FURTHER AFFIANT SAYETH NOT.

_Michael Buckman_

STATE OF KENTUCKY            )
                             )ss
COUNTY OF _HARDIN_           )

Signed, sworn to and acknowledged, before me, a Notary Public, in and for said County and State, personally appeared Michael Buckman who stated that the facts alleged in the foregoing Affidavit are true and correct to the best of his knowledge and belief this __13th__ day of December, 2018.

_Elizabeth A. Jones_
Notary Public, State at Large
__8/1/2020__
My Commission Expires

1944301